IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOSHUA GOODEAU,<br>TDCJ No. 02071610,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STEVE CANTU, *et al.*,<br><br>　　　　Defendants. | 2:20-CV-179-Z-BR |

**MEMORANDUM OPINION
DISMISSING CIVIL RIGHTS COMPLAINT**

Plaintiff, proceeding pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced Defendants. ECF No. 3. Plaintiff has been granted permission to proceed *in forma pauperis*. ECF No. 14. Plaintiff filed a Response to the Briefing Order Questionnaire, effectively supplementing his claims. ECF No. 18. For the following reasons, Plaintiff's civil rights Complaint is **DISMISSED**. Plaintiff's pending Motion (misnamed as "Order") for Procedure of Service Upon Defendants is also **DENIED**.[1]

**JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

---

[1] On June 5, 2023, Plaintiff filed a request for service. Because of the Court's determination that Plaintiff's Complaint should be dismissed pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), Plaintiff's request for service *before* the Court evaluates the Complaint is denied.

frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears*[3] hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[4]

### PLAINTIFF'S CLAIMS

Plaintiff clarified the claims in his Complaint through his Response to the Briefing Order Questionnaire. *See* ECF No. 18. Plaintiff claims that on July 11, 2019, Defendant Cantu used excessive force against him. *Id*. at 1–2. When a "force" team was deployed by TDCJ to search Plaintiff, Plaintiff was thrown to the ground and choked by Defendant Cantu. *Id*. Plaintiff was convicted of a prison disciplinary case for refusing to obey orders. *Id*. at 3. Plaintiff claims that Defendant Tebow witnessed the assault and failed to intervene to protect the Plaintiff. *Id*. at 4. Plaintiff claims that he followed all orders given by the supervisor of the force team during the assault and that Defendant Cantu did not give him orders. *Id.* at 2.

### ANALYSIS

In recent years, the Fifth Circuit has clarified when excessive force claims may be barred under the *Heck* doctrine if a prisoner also receives a disciplinary conviction arising from the

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992).
[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[4] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

incident. *See Aucoin v. Cupil*, 958 F.3d 379, 380–81 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 567, 208 L. Ed. 2d 183 (2020) (citing *Bourne v. Gunnels*, 921 F.3d 484 (5th Cir. 2019)). The Court must sort this history to determine if Plaintiff's allegations of excessive force would necessarily negate his disciplinary convictions.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id*. Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. In this context, a conviction includes a prison disciplinary proceeding. *Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997).

An inmate cannot bring a Section 1983 claim for excessive use of force by a prison guard if the inmate has already been found guilty for misconduct that justified that use of force. But *Heck* does not bar a Section 1983 claim for a prison guard's excessive use of force after the inmate has submitted and ceased engaging in the alleged misconduct. *See, e.g., Bourne*, 921 F.3d 484; *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008) (genuine issue of material fact existed as to whether arrestee had ceased efforts to resist and submitted, precluding summary judgment on arrestee's Section 1983 claim). Here, Plaintiff's account of the facts is that he was in constant compliance with the

guards, but this account contraindicates the result of his disciplinary conviction — which indicates Plaintiff's behavior justified the need for *some* force and that Plaintiff was refusing to obey the orders of TDCJ at the time of the incident. In fact, by Plaintiff's admission, the only force used was in the course of the "force" team deployment. *See* ECF No. 18 at 2.

The Fifth Circuit's opinion in *Aucoin* is instructive. Unlike *Aucoin,* Plaintiff's claims "arise from one uninterrupted encounter" — "one sweeping story" *Aucoin v. Cupil*, 2019 WL 4023747, at *3 (M.D. La. Aug. 26, 2019), *rev'd and remanded*, 958 F.3d 379 (5th Cir. 2020) *with Aucoin*, 958 F.3d at 383–84, 384 n.1 (distinguishing between events in Aucoin's prison cell and subsequent events in the prison showers and lobby after he had surrendered). But like the plaintiff in *Aucoin,* Plaintiff has *not* conceded he committed an act that resulted in his disciplinary conviction. ECF No. 18 at 1–3. Aucoin stated that he did nothing to provoke Defendants' use of mace. *Aucoin,* 958 F.3d at 379–81. Here, Plaintiff stated that he complied with all orders of the "force" team and that Defendant Cantu did not give him any orders. ECF No. 18 at 1–4. Thus, Plaintiff challenges that the force used here was in response to the behavior for which Plaintiff was disciplined. As such, Plaintiff's claims are barred by the *Heck* doctrine and are frivolous unless his conviction is overturned. *See Aucoin,* 958 F.3d at 381.

Plaintiff's claims fall in line with the type of temporal proximity claims that the *Aucoin* court found barred by *Heck*. *See id*. Plaintiff was restrained contemporaneously with his refusal to obey orders, according to his disciplinary conviction. Thus, this type of claim challenges the conviction for refusal to obey orders, given that some force is needed to restore order following such behavior by prison inmates, including the force needed to restrain an inmate during a physical search. The claims that were not barred in *Aucoin* resulted from further uses of force *after* the plaintiff in that case was removed from the original situation, including a second application of

4

chemical agents administered in a second location, and a physical assault unrelated to the restoration of order. *See id.* at 380–81. Therefore, this case does not fall outside the general principle that an inmate cannot bring a Section 1983 claim for excessive force where the inmate's behavior necessitated a use of force and resulted in a disciplinary conviction.

CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is **ORDERED** that the Civil Rights Complaint by Plaintiff filed pursuant to Title 42, United States Code, section 1983 be **DISMISSED** as barred by the *Heck* doctrine.

**SO ORDERED.**

July 25, 2023.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE